# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 3, 2013

No. 12-30508
Summary Calendar

Lyle W. Cayce
Clerk

VELMA JEAN RICHARDS,

Plaintiff-Appellant

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; CAMERON
INTERNATIONAL CORPORATION; TRANSOCEAN; HALLIBURTON
ENERGY SERVICES, INCORPORATED; GULF COAST CLAIMS
FACILITY,

Defendants-Appellees

TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INCORPORATED;
TRANSOCEAN DEEPWATER, INCORPORATED; TRANSOCEAN
HOLDINGS, L.L.C.; TRITON ASSET LEASING GMBH,

Movants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CV-1096

Before REAVLEY, JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 12-30508

Plaintiff Velma Jean Richards appeals from the dismissal of her pro se complaint alleging that the defendants stole her intellectual property by misappropriating her copyrighted or patented ideas for stopping the 2010 oil spill in the Gulf of Mexico. The thrust of her complaint concerns several submissions she made to BP Exploration & Production, Incorporated (BP) from May to July 2010 of Alternative Response Technology (ART) proposals for how to address the spill. Richards alleges that she observed media pictures of her second ART proposal, a giant plunger device, being used by BP and attempted to communicate with BP, Kenneth Feinberg and the Gulf Coast Claims Facility regarding the use of her idea. She also alleges that she filed a provisional patent application with the United States Patent and Trademark Office presumably covering her plunger idea.

Several defendants filed motions to dismiss and Richards file a motion for judgment on the pleadings. In its Order and Reasons deciding these motions, the district court respectfully and thoroughly reviewed Richards' complaint for any facially plausible claim that would allow her complaint to survive the Rule 12(b)(6) motions. *Ashcroft v. Igbal*, 129 S.Ct. 1937, 1949 (2009). After our review of the record, we agree with the district court that Richards has failed to state a copyright infringement claim because she does not plausibly allege that the defendants copied any original work of authorship by her. *Amazing Spaces, Inc v. Metro Mini Storage*, 608 F.3d 225, 251 (5th Cir. 2010). Similarly, her claim for patent infringement fails for lack of an allegation that the defendants made, used, or sold any patented invention owned by her. 35 U.S.C. § 271(a). Nor does she allege facts that would support her general claim of theft of her intellectual property under any other legal theory.

For the foregoing reasons and the reasons stated in the district court's Order and Reasons dated April 23, 2012, the district court properly granted the motions to dismiss Richards' complaint under Rule 12(b)(6) and denied Richards'

No. 12-30508

motion for judgment on the pleadings. Accordingly, the district court's judgment of dismissal is AFFIRMED.